**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ERNESTINE WELCH,

                                 Plaintiff,

                                                              1:19-CV-845
        v.                                                      (MAD/DJS)

LISA MAZZA and NYS DEPARTMENT OF
CORRECTIONS & COMMUNITY SUPERVISION,

                                 Defendants.
_____

**APPEARANCES:**                             **OF COUNSEL:**

ERNESTINE WELCH
Plaintiff, *Pro Se*
P.O. Box 273
Hudson, NY 12534

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. INTRODUCTION

Plaintiff filed the instant action in July of 2019, filing a Complaint and submitting a Motion to Proceed in Forma Pauperis. Dkt. Nos. 1 & 2. At that time, the Court found that Plaintiff's IFP Application was unclear and recommended that she be required to clarify that application. Dkt. No. 6. Plaintiff then submitted a clarification of that application and filed an Amended Complaint, and the District Court referred the Amended Complaint to the undersigned for review. Dkt. Nos. 7, 9, & 10. In light of Plaintiff's supplemental submission, the Court has granted Plaintiff's Application to

- 1 -

proceed IFP. The Court now reviews Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e).

## II. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the

court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Amended Complaint

The Amended Complaint alleges that Plaintiff was a contract phlebotomist employed by Bio-Reference Laboratory Corporation of America,[1] through which she worked at Coxsackie Correctional Facility each week since 2010. Dkt. No. 9, Am. Compl., p. 2.[2] At some point, Lisa Mazza, Medical Director, began checking in on

---

[1] Plaintiff has filed a separate action against Bio-Reference Laboratories, Inc.; the facts alleged in the Amended Complaint in that action are identical to those alleged herein. *See Welch v. Bio-Reference Laboratories, Inc.*, Case No. 1:19-CV-846.

[2] Citations to the Amended Complaint is to the pagination assigned by the Court's CM/ECF system.

- 3 -

Plaintiff's work and discussing Plaintiff with other employees; she tracked Plaintiff's hours, questioned Plaintiff's workers' compensation medical history, and complained when medical accommodations were made for Plaintiff, creating a hostile work environment for Plaintiff.  *Id.* at pp. 2-3.  Plaintiff was the only African-American female working under Defendant Mazza's supervision performing certain work.  *Id.* at p. 3.  Plaintiff reported the harassment and intimidation to the Superintendent on August 21, 2018.  *Id.*  Plaintiff's supervisor, who was already aware of Plaintiff's concerns, immediately contacted Plaintiff and was upset with Plaintiff for reporting the allegations.  *Id.*  On August 24, 2018, Plaintiff's schedule was changed, placing her at a much less convenient location.  *Id.* at p. 4.  Plaintiff alleges that this move was in retaliation for her reporting the harassment.  *Id.*  On October 1, 2018, Plaintiff received a lock-out order as a result of a background check that she had undergone in March of 2018; she was then not permitted to clarify information in the background check, which another employee had been permitted to do.  *Id.* at pp. 4-5.  On October 3, 2018, Plaintiff's employment was terminated.  *Id.* at p. 6.  Plaintiff had never received any complaints until Defendant Mazza took her position in 2017.  *Id.* at pp. 5-6.  Plaintiff filed a Request for Review of Action to the EEOC on April 30, 2019, and on June 21, 2019, received a Notice of Right to Sue letter from the EEOC.  *Id.* at p. 5.

Plaintiff appears to make claims pursuant to Title VII for discrimination, retaliation, and hostile work environment.  Plaintiff seeks compensatory and punitive damages.  *Id.* at p. 6.

## C. Analysis of Plaintiff's Claims

"A plaintiff asserting a Title VII discrimination claim must allege facts showing that '(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision,' which can be shown 'by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.'" *Jackson v. Roe*, 2016 WL 3512178, at *3 (E.D.N.Y. June 22, 2016) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015)). Construing the Amended Complaint liberally, the Court recommends finding that Plaintiff has sufficiently pled Title VII discrimination based on her race to survive initial review.

In addition, "[t]o state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007) (citation omitted). Here, Plaintiff alleges that she was dismissed from her position, "due to retaliation of complaint made on August 21, 2018." Am. Compl. at p. 6. She contends that she was "subjected to an adverse employment action and [ ] there was [a] causal connection between her 'protected activity' and that adverse action." *Id.* The Court recommends finding that these allegations are sufficient to survive initial review.

"To state a claim for a hostile work environment in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively

- 5 -

severe or pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected class]." *Patane v. Clark*, 508 F.3d at 115 (internal quotation marks omitted) (citation omitted). The Court recommends finding that, at this early stage in the case, Plaintiff has sufficiently stated a hostile work environment claim to survive initial review.[3]

The Court recommends that Plaintiff's Title VII claims against Defendant Mazza be dismissed, however, because there is no individual liability under Title VII. *Wrighten v. Glowski*, 232 F.3d 119, 119 (2d Cir. 2000).[4]

Ordinarily, "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). Nonetheless, leave to replead need not be given when it would be "futile" because the problem with the plaintiff's causes of actions would not be cured by better pleading. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In this case, while

---

[3] In order to proceed on a Title VII claim, a plaintiff must allege an employment relationship with the defendant. It is unclear whether Plaintiff is an employee of Defendant NYS Department of Corrections & Community Supervision; however, the Court declines to resolve this issue on initial review. *See Knight v. State Univ. of New York at Stony Brook*, 880 F.3d 636, 639 (2d Cir. 2018) (the non-exhaustive list of factors used to determine employee status are: "the hiring party's right to control the manner and means by which the product is accomplished[;] ... the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.").

[4] It is unclear from the Amended Complaint who employs Lisa Mazza and whether Plaintiff may be able to pursue claims against her under other legal theories; however, the Court need not reach that issue on the current pleading.

mindful of the liberality with which *pro se* pleadings must be viewed, because an individual is not a proper defendant for claims under Title VII, a valid Title VII claim cannot be stated against her with better pleading. The Court therefore recommends that Plaintiff's Title VII claims against the individual Defendant be dismissed without leave to amend.

### III. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Finally, Plaintiff has also submitted a request for appointment of counsel. Dkt. No. 3. The application indicates that Plaintiff has been unsuccessful in her efforts to obtain counsel on her own from the private sector. *Id.*

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the

complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

In the present matter, the case is at a very early stage. Indeed, only allegations have been made at this point; no evidence has yet been submitted relating to Plaintiff's claims. As such, at this early stage, Plaintiff has not met the threshold requirement that her claims seem likely to be of substance. *See Brown v. Utica Police Dep't*, 2017 WL 5514518, at *5 (N.D.N.Y. Nov. 16, 2017) ("Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel.") (citation omitted)). Plaintiff's Motion is therefore denied, with leave to renew at a later stage of the case.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's claims against NYS Department of Corrections & Community Supervision be permitted to proceed; and it is further

**RECOMMENDED**, that Plaintiff's claims against Defendant Mazza be **DISMISSED**; and it is

**ORDERED**, that Plaintiff's request for appointment of counsel (Dkt. No. 3) is **DENIED without prejudice to renew**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:   February 3, 2020
         Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).