**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ERNESTINE WELCH,**

                              **Plaintiff,**

vs.                                                 1:19-CV-845
                                                          (MAD/DJS)

**LISA MAZZA and NYS DEPARTMENT OF
CORRECTIONS & COMMUNITY SUPERVISION,**

                              **Defendants.**

_____

**APPEARANCES:**                           **OF COUNSEL:**

ERNESTINE WELCH
P.O. Box 273
Hudson, New York 12534
Plaintiff _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Plaintiff commenced this action on July 16, 2019, submitting a complaint along with an application to proceed _in forma pauperis_. _See_ Dkt. No. 1. At that time, Magistrate Judge Stewart found that Plaintiff's _in forma pauperis_ application was unclear and recommended that she be required to clarify that application. _See_ Dkt. No. 6. Thereafter, Plaintiff submitted a clarification of her application and filed an amended complaint, which the Court referred to Magistrate Judge Stewart for an initial review. _See_ Dkt. Nos. 7, 9 & 10.

      In a Report-Recommendation and Order dated February 3, 2020, Magistrate Judge Stewart conducted an initial review of the amended complaint and found that Plaintiff is bringing claims pursuant to Title VII for discrimination, retaliation, and hostile work environment. _See_ Dkt. No. 12 at 4. Since there is no individual liability under Title VII, Magistrate Judge Stewart recommended that the Court dismiss the claims against Defendant Mazza but permit the claims

against Defendant New York State Department of Corrections and Community Supervision ("DOCCS") to proceed. *See id.* at 5-6. Neither party objected to Magistrate Judge Stewart's Report-Recommendation and Order.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that - . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Having carefully reviewed the February 3, 2020 Report-Recommendation and Order, Plaintiff's submissions, and the applicable law, the Court finds that Magistrate Judge Stewart correctly determined that the Title VII claims against DOCCS survives initial review. Moreover, Magistrate Judge Stewart correctly determined that the claims against Defendant Mazza must be dismissed because there is no individual liability under Title VII. *See Wrighten v. Glowski*, 232 F.3d 119, 119 (2d Cir. 2000) (citation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's February 3, 2020 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's claims against Defendant Mazza are **DISMISSED with prejudice** and that she is terminated as a Defendant in this action; and the Court further

**ORDERS** that the amended complaint (Dkt. No. 9) is **ACCEPTED for filing** as to Defendant DOCCS; and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them with copies of the amended complaint to the United States Marshal, along with packets containing General Order 25, which sets forth this District's Civil Case Management Plan, for service upon the named Defendant; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 2, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge