UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNESTINE WELCH,

                      **Plaintiff,**

  vs.                                                    1:19-CV-845
                                                             (MAD/DJS)

LISA MAZZA and NYS DEPARTMENT OF
CORRECTIONS & COMMUNITY SUPERVISION,

                      **Defendants.**
_____

APPEARANCES:                                OF COUNSEL:

ERNESTINE WELCH
P.O. Box 273
Hudson, New York 12534
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action on July 16, 2019, alleging Lisa Mazza and Defendant New York State Department of Corrections & Community Supervision ("DOCCS") violated the Americans with Disabilities Act ("ADA"), by questioning Plaintiff's repeated tardiness reporting to work due to treatment for a left shoulder injury. *See* Dkt. No. 1 at 3, 6-8. Plaintiff also alleged that Defendant and Ms. Mazza violated Title VII of the Civil Rights Act of 1964 ("Title VII") by creating a hostile work environment, terminating her on the basis of race, and retaliating against Plaintiff when she filed a complaint notifying her supervisor of the discrimination. *See id.* Plaintiff amended her complaint on October 15, 2019, alleging identical claims with greater factual detail. *See* Dkt. No. 9. On initial review, the Court dismissed Plaintiff's complaint against Ms. Mazza.

Thereafter, on August 13, 2020, Defendant moved to dismiss the amended complaint. *See* Dkt. No. 25. Specifically, Defendant argued that it was not Plaintiff's employer as required under both the ADA and Title VII. Rather, Defendant claimed that the amended complaint makes clear that Plaintiff's employer was Bio-Reference Laboratory Corporation of America ("Bio-Reference"), who hired her as a contract phlebotomist and assigned her to work at Coxsackie Correctional Facility. In an October 29, 2020 Memorandum-Decision and Order, the Court agreed with Defendant and dismissed Plaintiff's amended complaint. *See* Dkt. No. 27. The Court found that Plaintiff's amended complaint failed to allege sufficient facts to demonstrate an employee-employer relationship between Plaintiff and Defendant and that the "single employer" and "joint employer" doctrines were inapplicable to the present matter. *See id.* at 7-9. In dismissing the amended complaint, the Court granted Plaintiff thirty days to file a second amended complaint and indicated that her failure to do so would result in judgment being entered. *See id.* at 10. Rather than file a second amended complaint, Plaintiff has filed what the Court is liberally construing as a motion for reconsideration. *See* Dkt. No. 29. As set forth below, Plaintiff's motion for reconsideration is denied.

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Tomassini v. FCA US LLC*, No. 3:14-CV-1226, 2021 WL

4819995, *1 (N.D.N.Y. Oct. 15, 2021) (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

It is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). "[T]he existence of an employer-employee relationship is a primary element of Title VII claims." *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006).

In her amended complaint, Plaintiff alleged that she was hired as a contract phlebotomist by Bio-Reference and provided weekly phlebotomy services at Coxsackie C.F. since 2010. *See* Dkt. No. 9 at 2. In response to the motion to dismiss and in her motion for reconsideration, Plaintiff contends that she alleged sufficient facts to demonstrate that there was a "joint employer" relationship between DOCCS and Bio-Reference. The Court disagrees.

As the Court previously found, Plaintiff's amended complaint presented facts demonstrating that Defendant had a roll in Plaintiff's supervision. *See* Dkt. No. 9 at 3. For example, Plaintiff alleged that Ms. Mazza was a DOCCS' employee and Plaintiff's supervisor. *See id.* While Plaintiff alleged in the amended complaint that Ms. Mazza inquired as to Plaintiff's performance and her late arrival to work, Plaintiff does not allege that Ms. Mazza ever disciplined her or that she had the power to do so. Moreover, in her motion for reconsideration, Plaintiff specifically states that her direct supervisors were employed by Bio-Reference and were "reachable outside the facility by e-mail or phone if any complaints or disciplin[e] needed to be address[ed] regarding Plaintiff." Dkt. No. 29 at 1. Additionally, in her amended complaint, Plaintiff acknowledged that she was not fired by Defendant or any of its employees, but by

3

Christopher Villaruel – the director of Bio-Reference's human resources department. *See* Dkt. No. 9 at 4. Plaintiff also acknowledges in her motion for reconsideration that Bio-Reference was "solely in control of hiring, disciplining, pay[ing]," and providing insurance for Plaintiff during her employment with them. Under these facts, the Court finds that DOCCS was not Plaintiff's employer for purpose of Title VII or the ADA and that there was not a joint-employer relationship. *See Penz v. Washer*, No. 18-cv-4964, 2019 WL 1922040, *2 (S.D.N.Y. Apr. 30, 2019) (granting the defendant's motion to dismiss where the plaintiff failed to allege facts showing "whether the State hired plaintiff, paid her wages, or – most importantly – exercised direct, obvious, and concrete control over plaintiff's day-to-day activities").

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 12, 2022
      Albany, New York

Mae A. D'Agostino
U.S. District Judge